Xue v. Sessions

BIA
Poczter, IJ
A202 134 546

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand eighteen.

PRESENT:
JOHN M. WALKER, JR.,
DENNIS JACOBS,
CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

_____

LIXIONG XUE,
        *Petitioner,*

v.                                                        17-425
                                                          NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Holly M. Smith,
                         Senior Litigation Counsel; Jesse
                         D. Lorenz, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lixiong Xue, a native and citizen of the People's Republic of China, seeks review of a January 26, 2017, decision of the BIA affirming an April 4, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lixiong Xue,* No. A202 134 546 (B.I.A. Jan. 26, 2017), *aff'g* No. A202 134 546 (Immig. Ct. N.Y. City Apr. 4, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of

2

the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Xue was not credible as to his claims that officials beat and detained him for attending an unregistered church in China and that he feared similar harm in the future.

The agency reasonably relied in part on Xue's hesitant and vague testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony, . . . the IJ . . . may fairly wonder whether the testimony is fabricated . . . [and] may wish to probe for incidental details."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). The demeanor finding is supported by the record, which reflects that Xue

3

was repeatedly prompted for more details, but could not provide many. There is no merit to Xue's argument that his vague testimony was caused by translation errors. The IJ identified one fragmented sentence that was a result of translation error and corrected a few words that were mistranslated, and did not rely on those minor errors to question Xue's demeanor.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). For example, Xue provided dramatically different accounts of the beatings he claimed to have suffered. *See Majidi*, 430 F.3d at 79-80. In his written statements and during his testimony on direct and cross-examination, Xue stated that he was beaten "many times" and described three specific instances that occurred during the course of a year. However, at the end of his hearing, when the IJ asked him whether "many times" meant approximately 5, 10, or 100 times, Xue estimated that he had been beaten "more than 50 times" in one year. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. The IJ was not compelled to credit Xue's explanation

4

that he could not remember the exact number of beatings because it did not explain why he could not have estimated or described the sheer volume of attacks. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

The agency also reasonably relied on the following inconsistencies: Xue's testimony that he was not required to report to court in China was inconsistent with a certificate releasing him on bail pending criminal trial; and his testimony that he dislocated his shoulder was inconsistent with his medical records indicating that he suffered a fracture. Xue could not explain these discrepancies.

Having questioned Xue's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate

5

testimony that has already been called into question."
*Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).
The IJ reasonably found that Xue's evidence did not
corroborate his testimony regarding the harm he suffered
and feared at the hands of village officials because his
proffered witness did not have knowledge of events in China
and his evidence from those who did have knowledge was
inconsistent with his testimony.

Given Xue's demeanor, inconsistent statements and
evidence, and lack of corroboration, the agency's adverse
credibility determination is supported by substantial
evidence.*  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Contrary to
Xue's argument, the credibility determination was
dispositive of both his claims of past harm and fear of

---

* The IJ may have erred in relying on Xue's mother's failure
to mention in her letter that she witnessed village officials
beat her son in their home, that she took him to the hospital,
and that he was beaten approximately 50 times because the
letter did not create any inconsistencies but was simply
vague. *See Hong Fei Gao*, 891 F.3d at 81.  Nevertheless, the
other record inconsistencies along with Xue's dramatically
differing accounts of past harm constituted substantial
evidence in support of the adverse credibility determination.
*See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339
(2d Cir. 2006) (providing that the Court need not remand
despite error in an adverse credibility determination if it
"can state with confidence that the same decision would be
made on remand.").

6

future persecution. In his asylum application, Xue asserted a fear that village officials would beat him in the future because they had done so in the past. And he did not testify to any fear of future harm in China or any basis for such fear except his past encounters with village officials. Accordingly, because Xue's claims of past harm and fear of future harm were based on the same factual predicate and evidence, the adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

7